IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRAIRIE PETFOOD INGREDIENTS, § § § | | |
| Plaintiff and Counter Defendant, § | | |
| § | | |
| V. § | | No. 3:21-cv-205-L |
| § | | |
| HUBBARD INGREDIENTS, LLC; § INTEGRATED PROTEINS, LLC; § and JOSEPH HUBBARD, § § | | |
| Defendants and Counter Plaintiffs, § § | | |
| OPEN RANGE AGRICULTURE, § LLC; THOMAS OLIVER § HARWELL; and COLLIN § HARWELL, § § | | |
| Counter Defendants. § | | |

## MEMORANDUM OPINION AND ORDER[1]

Defendant and Counter Plaintiffs Hubbard Ingredients, LLC, Integrated Proteins, LLC, and Joseph Hubbard (collectively, "Hubbard") have filed a Motion for Sanctions. *See* Dkt. No. 95.

Plaintiff and Counter Defendants Prairie Petfood Ingredients, Open Range Agriculture, LLC, Thomas Oliver Harwell, and Collin Harwell filed a response, *see*

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Dkt. No. 118, and Hubbard filed a reply, *see* Dkt. No. 128.

The undersigned has authority to enter this nondispositive order denying attorneys' fees or other nondispositive sanctions and denying a request for what might be considered a dispositive sanction. *See* Dkt. No. 98 at 1-2.

After carefully considering the parties' briefing, the Court denies the Motion for Sanctions [Dkt. No. 95] for the reasons explained below.

**Background**

Hubbard seeks an order of sanctions under Federal Rules of Civil Procedure 26(g)(3), 37(b), and 37(c) and the Court's inherent power against Prairie Petfood Ingredients, Open Range Agriculture, LLC, Thomas Oliver Harwell, and Collin Harwell (collectively, "Counter Defendants").

Hubbard asserts that Counter Defendants disregarded their most basic discovery obligations, never issued litigation hold notices and failed to preserve relevant documents that would have been responsive to Hubbard's requests, and never conducted meaningful searches of emails, electronic files and folders, or hard-copy files for responsive documents.

Hubbard contends that, even when they identified missing documents and Counter Defendants agreed to produce them, those productions were infrequently made and that Counter Defendant Hubbard's counsel was not involved in their collection, review, and production of documents, yet misrepresented to Hubbard's counsel that Counter Defendants had complied with their discovery obligations, had searched for and produced all responsive documents, and were not withholding any

documents based on objections, privilege, or other reasons.

More specifically, Hubbard asserts that:

- Counter Defendants' and their counsel's actions merit Rule 26(g)(3) sanctions because the discovery responses were signed;
- Counter Defendants' refusal or failure to produce (or even search for) countless responsive documents by Court-imposed discovery deadline warrants Rule 37(b)(2) sanctions;
- Counter Defendants' refusal or failure to supplement their incomplete document production warrants Rule 37(c) sanctions; and
- the Court has the inherent authority to impose sanctions because Counter Defendants engaged in a pattern of noncompliance with federal rules and law, delay, lack of candor, withholding of evidence, refusal to search for and produce responsive documents, and lack of cooperation in the discovery process, and this conduct was intentional and willful and evidences bad faith.

Hubbard requests that the Court impose sanctions on Counter Defendants by:

- entering default judgment in favor of Defendants on all claims in the Second Amended Complaint and in favor of Hubbard Ingredients on all claims in its Counterclaim under Rule 37(b)(2)(A)(vi) or 37(c)(1)(C);
- prohibiting Counter Defendants from opposing each cause of action in Hubbard Ingredients' Counterclaim that relies on missing information regarding commissions and circumvention under Rule 37(b)(2)(A)(ii) or Rule 37(c)(1)(C);
- directing that certain facts related to commissions and circumvention be treated as established for purposes of the action under Rules 37(b)(2)(A)(i) or 37(c)(1)(C); and
- awarding Defendants their expenses and attorneys' fees caused by Counter Defendants' failure to comply with their discovery obligations under Rules 26(g)(3), 37(b)(2)(C), or 37(c)(1)(A).

**Legal Standards**

The Court has laid out the standards that govern motions for Federal Rule of Civil Procedure 26(g)(3), 37(b)(2), and 37(c)(1) and inherent powers sanctions, and the Court incorporates and will apply – but will not repeat – those standards here. *See Caliber Home Loans, Inc. v. Cove*, 346 F.R.D. 65, 70-71 (N.D. Tex. 2024); *Quantas*

*Healthcare Mgmt., LLC v. Sun City Emergency Room, LLC*, No. 3:23-cv-891-K, 2024 WL 1520568, at *8-*11 (N.D. Tex. Apr. 8, 2024); *Keplar v. Google, LLC*, 346 F.R.D. 41, 52-55 (N.D. Tex. 2024); *Pem-Air Turbine Engine Servs. LLC v. Gupta*, No. 3:21-cv-180-L-BN, 2024 WL 758561, at *1-*3 (N.D. Tex. Feb. 22, 2024); *Taghavi v. Soto*, No. 3:21-cv-2557-S-BN, 2023 WL 6544905, at *5-*7, *9-*14 (N.D. Tex. Oct. 6, 2023); *Heller v. City of Dallas*, 303 F.R.D. 466, 475-77 (N.D. Tex. 2014).

## Analysis

As to Hubbard's requested Rule 26(g)(3) sanctions based on Counter Defendants' counsel signing their responses to Hubbard Ingredients's First, Second, and Third Requests for Production the Court has already granted Hubbard Ingredients's Motion to Compel [Dkt. No. 93] and ordered Counter Defendants to pay Hubbard Ingredients's attorneys' fees for bringing that motion under Federal Rule of Civil Procedure 37(a)(5). *See* Dkt. No. 146. Even if Hubbard's assertions regarding allegedly sanctionable conduct under Rule 26(g)(3) in connection with Counter Defendants' discovery responses and production were well-taken, the Court would do no more than award that same quantum of fees under Rule 26(g)(3) as the fees caused by the alleged discovery violations. *Cf. Heller*, 303 F.R.D. at 478.

The Court also declines Hubbard's invitation to read Rule 37(b)(2) broadly in this instance to impose sanctions for violating a discovery order in the absence of a prior order – particularly in light of the Court's order requiring Counter Defendants to fully respond to Hubbard Ingredients's discovery by September 9, 2024. *See* Dkt. No. 146. And, as to the most extreme relief that Hubbard seeks, the Court declines to

stretch to recommend a default judgment for Counter Defendants' alleged discovery violations in the absence of any prior discovery order that Counter Defendants could be shown to have violated.

The Court likewise finds that Hubbard's requested relief under Rule 37(c)(1) for Counter Defendants' alleged failure to timely supplement under Federal Rule of Civil Procedure 26(e)(1) either overlaps entirely with the Rule 37(a)(5) fee award that the Court has already imposed – where the Court would, at most, find that the fees incurred in bringing the motion to compel are those caused by the alleged Rule 26(e)(1) supplementation failure – or, again, seeks relief (a default judgment) that the circumstances do not warrant where the Court has ordered Counter Defendants to fully respond to Hubbard Ingredients's discovery by September 9, 2024.

The Court also finds that, under the circumstances, the sanctions that Hubbard seeks under Rules 37(b) and 37(c) to prohibit Counter Defendants from opposing each cause of action in Hubbard Ingredients's Counterclaim that relies on missing information regarding commissions and circumvention – which Hubbard explains include Counts I through V and Counts VII through X – and to direct that certain facts related to commissions and circumvention be treated as established for purposes of this case might amount to litigation-ending sanctions as to, at least, Hubbard's counterclaims. That requires a higher showing than Hubbard has made or, in reply, acknowledges that it must make. *See Keplar*, 346 F.R.D. at 53-54. And the Court "cannot find these are the extreme circumstances under which Rule 37(b)(2) sanctions can and should be used as a lethal weapon through litigation-ending or

death penalty sanctions," even though Counter Defendants and their counsel have "not conducted [themselves] in discovery in this case as any party should." *Quantas*, 2024 WL 1520568, at *15 (cleaned up).

But, even if neither requested sanction is properly considered "litigation-ending" under the circumstances here, the Court finds that neither the requested evidence-barring sanction nor the requested facts-deemed-established sanction would be "the least severe sanction under these circumstances to carry out Rule 37(b)(2)'s [and Rule 37(c)(1)'s] purposes, which is the required standard." *Quantas Healthcare Mgmt., LLC v. Sun City Emergency Room, LLC*, No. 3:23-cv-891-K, Dkt. No. 119 at 5 (N.D. Tex. June 25, 2024). At most, under the circumstances, the least severe sanction – fees caused by the alleged Rule 37(b)(2) violation – would again be duplicative of what the Court has already imposed under Rule 37(a)(5).

Finally, "[t]he threshold for the use of the inherent power sanction is high." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). Having determined that no sanction beyond the award of attorneys' fees that the Court has imposed under Rule 37(a)(5) are appropriate under Rules 26(g)(3), 37(b), or 37(c), the Court cannot find that any additional or greater sanctions are warranted under the Court's inherent powers based on Hubbard's allegations.

## Conclusion

For the reasons explained above, the Court denies Defendant/Counter Plaintiffs Hubbard Ingredients, LLC, Integrated Proteins, LLC, and Joseph Hubbard's Motion for Sanctions [Dkt. No. 95].

SO ORDERED.

DATED: September 16, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE